SERVICE COPY

STATE OF TENNESSEE

IN THE CIRCUIT COURT IN AND FOR SHELBY COUNTY, TENNESSEE

# SUMMONS

JAMES HARDIN,

    Plaintiff,

vs.

    CIVIL ACTION NO. CT-002462-12

    Jury Demanded

ALPINE POWER SYSTEMS, INC.,

    Defendant.

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to serve upon Dean P. Dedmon, plaintiff's attorney, whose address is WILKERSON, GAULDIN, HAYES, JENKINS & DEDMON, 112 West Court Street, P.O. Box 220, Dyersburg, Tennessee 38025-0220, an answer to the complaint herewith served upon you within 30 days after service of this summons, and complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this _____ day of June, 2012.

_____ Clerk
_____ Deputy Clerk

## NOTICE

To the Defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: Defendant **ALPINE POWER SYSTEMS, INC., can be served through its Registered Agent, Alpine Power Systems, Inc., 2102 Ritter Rd., Lavergne, TN 37086-2438.**

## RETURN

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I:

[ ] served this summons and a copy of the complaint upon Defendant in the following manner:

_____

[ ] failed to serve this summons within 30 days after its issuance because:

_____

_____
Process Server

SERVICE COPY

FILED
JUN 5 - 2012
CIRCUIT COURT CLERK
BY _____ D.C.

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT
AT MEMPHIS

| | |
|---|---|
| JAMES HARDIN, <br> Plaintiff, <br> v. <br> ALPINE POWER SYSTEMS, INC., <br> Defendant. | Civil Action No. CT-CO2967-12 <br> Jury Demanded <br> Div I |

## COMPLAINT FOR DAMAGES FOR RETALIATORY DISCHARGE

Comes the Plaintiff, James Hardin, ("James Hardin" or "Plaintiff") and as his cause of action against Alpine Power Systems, Inc. states to the Court as follows:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiff is a resident of Dyer County, Tennessee.

2. Defendant, Alpine Power Systems, Inc., is believed to be a Michigan corporation conducting business in Shelby County, Tennessee. The records of the Tennessee Secretary of State show that the registered agent for service of process in Tennessee is Alpine Power Systems, Inc., 2102 Ritter Road, LaVergne, Tennessee 37086-2438.

3. This Court has jurisdiction of this matter under Tenn. Code Ann. § 16-10-101 et seq.

4. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101.

### FACTS

5. James Hardin worked for Alpine Power Systems, Inc. as a battery service installer and technician in Shelby County, Tennessee.

6. At all times relevant to the allegations of this complaint, James Hardin was an employee of Alpine Power Systems within the meaning of "employee" in the Tennessee

1

Worker's Compensation Law ("TWCL") and the common law of Tennessee.

7. At times, Alpine Power Systems attempted to treat James Hardin as an independent contractor (at least for payroll, worker's compensation, and employee benefit purposes), however, James Hardin refused to accept this categorization and threatened to seek assistance from the Tennessee Department of Labor and Workforce Development.

8. In June 2010 and/or September 2010, James Hardin injured his left knee while performing his job at Alpine Power Systems, Inc.

9. James Hardin reported his work injury to his employer.

10. At first, James Hardin was able to continue working, however, in approximately December 2010, James Hardin had to cease working and then he had surgery on his knee.

11. Alpine Power Systems at first denied the worker's compensation claim made by James Hardin, but eventually settled the claim and provided medical benefits, temporary total disability benefits, and permanent partial disability benefits to James Hardin.

12. James Hardin healed from his surgery and was released to return to work full duty on or about 27 May 2011.

13. When James Hardin returned to work, Alpine Power Systems insisted that James Hardin execute an "independent contractor" agreement that was an effort to deprive James Hardin of all benefits under the TWCL.

14. In fact, James Hardin had been, during his entire tenure with Alpine Power Systems, an employee and not an independent contractor. Moreover, during the time that James Hardin was off work due to his injury (and after James Hardin refused to acquiesce in the wrongful attempt by Alpine Power Systems to treat him as an independent contractor), Alpine Power

2

Systems consistently told him that he would return to work under the proper category of employee.

15. James Hardin refused to execute the independent contractor agreement.

16. Alpine Power Systems terminated the employment of James Hardin on 9 June 2011.

17. Alpine Power Systems terminated James Hardin in retaliation for exercising his rights under the TWCL and/or for refusing to execute an agreement that violated Tenn. Code Ann. § 50-6-114 and improperly and wrongly attempted to categorize James Hardin as an independent contractor when in reality he was an employee.

### CAUSE OF ACTION – COUNT 1- RETALIATORY DISCHARGE IN VIOLATION OF THE PUBLIC POLICY OF TENNESSEE

18. All of the other allegations of this complaint are incorporated into this count by reference, as if copied verbatim herein.

19. Alpine Power Systems, Inc. unlawfully terminated James Hardin in direct retaliation for making a claim for benefits and/or asserting his right to benefits under the TWCL

20. Alternatively, Alpine Power Systems unlawfully terminated for his refusal to waive his rights under the TWCL, which directly violates Tenn. Code Ann. § 50-6-114, which provides, in relevant part: "No contract or agreement, written or implied, or rule, regulation or other device, shall in any manner operate to relieve any employer, in whole or in part, of any obligation created by this chapter[.]"

21. The actions of Alpine Power Systems, Inc. constitute a direct violation of the common and statutory law of Tennessee, in particular Tenn. Code Ann. § 50-6-114, *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984), and *Anderson v. Standard Register Co.*, 857 S.W.2d 555 (Tenn. 1992).

3

22. The actions of Alpine Power Systems, Inc. have directly caused injury and damage to Mr. Hardin, including direct pecuniary loss from lost wages and earning capacity, loss of benefits (including, but not limited to health insurance and other employee benefits), and also emotional loss, pain, suffering, and humiliation; Mr. Hardin will continue to suffer monetary loss in the future.

23. The actions of Alpine Power Systems were fraudulent and/or intentional and punitive damages should be assessed against Alpine Power Systems.

WHEREFORE, PLAINTIFF JAMES HARDIN PRAYS:

A. That process be issued and served upon Alpine Power Systems, Inc. and that Alpine Power Systems, Inc. required to answer as required by law;

B. That James Hardin have judgment against Alpine Power Systems, Inc. for back pay, compensatory damages, front pay, and punitive damages in an amount not to exceed Two Hundred Thousand Dollars;

C. For a jury to try this matter when the issues are joined;

D. For such other, further and general relief of a legal or equitable nature to which James Hardin may be entitled, including that the costs of this cause be taxed to the Defendant.

Respectfully submitted,

JAMES HARDIN
By his Attorneys

WILKERSON GAULDIN HAYES JENKINS & DEDMON

By: _____
Dean P. Dedmon (#017949)
W. Lewis Jenkins, Jr. (#017423)
112 West Court Street, P.O. Box 220
Dyersburg, TN 38025-0220
Tel. 731.286.2401 / Fax 731.286.2294

4

## COST BOND

We, JAMES HARDIN, as principal, and WILKERSON GAULDIN HAYES JENKINS & DEDMON, as sureties, acknowledge ourselves liable for the costs of this cause not to exceed $500.00.

JAMES HARDIN

By: _____
Dean P. Dedmon
Attorney for James Hardin
Executed pursuant to
Tenn. Code Ann. § 23-2-104

WILKERSON GAULDIN HAYES JENKINS & DEDMON

By: _____
Dean P. Dedmon

5